IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QURENTIA MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| MAGGIANO'S HOLDING CORPORATION. | ) |
| | ) |
| Defendant. | ) |
| | ) |

# NOTICE OF REMOVAL

TO: The Judges of the United States District Court, Northern District of Georgia

COMES NOW Defendant Maggiano's Holding Corporation, and respectfully shows the Court as follows:

1.

A civil action was brought against the Defendant in the State Court of Cobb County, State of Georgia, by the above-named Plaintiff, said action being designated as Civil Action File No. 20-A-3936. It has now been demonstrated through Plaintiff's recent interrogatory responses that the Plaintiff seeks to recover from the Defendant a sum in excess of $75,000, exclusive of interest and costs.

2.

Plaintiff's Interrogatory responses were received by Defendant's counsel on May 13, 2021. (See, Affidavit of Dale C. Ray Jr. and attached email exchange filed contemporaneously herewith).

3.

Plaintiff's interrogatory responses disclosed for the first time that she was seeking general damages of "at least $150,000.00." (Response to Defendant's Interrogatories number 41).

4.

Previously, Plaintiff's Complaint in this matter had not stated an amount that Plaintiff was seeking, other than to state that Plaintiff had incurred medical expenses in excess of $10,000. (Complaint paragraph 27).

5.

The ad damnum clause of Plaintiff's Complaint did not specify any specific amount of money being sought as damages.

6.

The Plaintiff is a citizen and resident of the State of Georgia.  The Defendant is a corporate citizen and resident of the State of Texas.

7.

There is complete diversity of citizenship among the parties in this matter.

8.

It is now shown by interrogatory responses that Plaintiff is seeking an amount of damages that exceeds the $75,000 jurisdictional limit for federal jurisdiction based on diversity of citizenship.

9.

Under 28 USC § 1446(b)(3), if the case stated in the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the Defendant of an amended pleading, order or "other paper" from which it may first ascertain that the case is one which is or has become removable.

10.

Under 28 USC § 1446(c)(3)(A), if the case stated in the initial pleading is not removable because the amount in controversy does not exceed the amount specified in 28 USC § 1332(a), information related to the amount in controversy shown in responses to discovery shall be treated as an "other paper" under 28 USC § 1446(b)(3).

11.

The present case is now subject to removal to federal court based on diversity of citizenship jurisdictional grounds.

12.

This Notice of Removal is filed within 30 days of receipt of such "other paper" from the Plaintiff.

13.

Defendant attaches hereto or separately files herewith the following pleadings from the state court action: Exhibit 1 – Summons and Complaint; Exhibit 2 – Certificate of Service for Plaintiff's Discovery Requests; Exhibit 3- Plaintiff's First Interrogatories to Defendant; Exhibit 4- Plaintiff's First Request for Production to Defendant; Exhibit 5 – Plaintiff's First Request for Admissions to Defendant; Exhibit 6 –Defendant's Counsel's Entry of Appearance; Exhibit 7 – Certificate of Service for Defendant's Discovery Requests to Plaintiff; Exhibit 8 – Defendant's Interrogatories to Plaintiff; Exhibit 9 – Defendant's Request for Production to Plaintiff; Exhibit 10 – Defendant's Answer; Exhibit 11 – Defendant's Jury Trial Demand; Exhibit 12 – Defendant's Response to Plaintiff's Request for Admissions; Exhibit 14 – Certificate of Service for Defendant's Response to Plaintiff's Request for Admissions; Exhibit 15 – Confidentiality Agreement; Exhibit 16 – Joint Motion to Extend Discovery Period; Exhibit 17 – Order Extending Discovery Period; Exhibit 18 – Certificate of Service for Plaintiff's Interrogatory Responses; Exhibit 19 – Certificate of Service for Plaintiff's Response to Request for Production; Exhibit 20 – Plaintiff's

Interrogatory Responses; and Exhibit 21 – Plaintiff's Response to Defendant's Request for Production.

12.

Also submitted herewith is an Affidavit of the undersigned counsel for the Defendant, Dale C. Ray, Jr., which documents the circumstances of the receipt of the Plaintiff's discovery responses and also submits of a record from the Georgia Secretary of State showing that Defendant is a foreign corporation and not a corporate citizen of Georgia.

13.

This action could have originally been brought in this Court under 28 USC §1332, in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties.

14.

Pursuant to 28 USC § 1441, et seq., this action is now removable by reason of diversity of citizenship, there being diversity of citizenship and more than $75,000 in controversy, exclusive of interest and costs.

15.

Notice of Removal is hereby given in accordance of 28 USC § 1446.

WHEREFORE, Defendant Maggiano's Holding Corporation files this Notice of Removal of this lawsuit to this court.

Respectfully submitted, this 1st day of June, 2021.

                                               FAIN MAJOR & BRENNAN, P.C.

                                               */s/Dale C. Ray, Jr.*

| | |
|---|---|
| | GENE A. MAJOR |
| One Premier Plaza | Georgia Bar No. 466650 |
| 5605 Glenridge Drive NE, Suite 900 | DALE C. RAY, JR. |
| Atlanta, GA  30342 | Georgia Bar No. 596095 |
| (404) 688-6633 | *Counsel for Defendant* |
| gmajor@fainmajor.com | |
| dray@fainmajor.com | |

-6-

## **RULE 5.1 B CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE**

Pursuant to Local Rule 5.1B of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer processed, double spaced between lines, and used Times New Roman font of 14 point size.

This 1st day of June, 2021.

                                                FAIN MAJOR & BRENNAN, P.C.

                                                */s/Dale C. Ray, Jr.*
                                                GENE A. MAJOR
One Premier Plaza                         Georgia Bar No. 466650
5605 Glenridge Drive NE, Suite 900   DALE C. RAY, JR.
Atlanta, GA  30342                      Georgia Bar No. 596095
(404) 688-6633                            *Counsel for Defendant*
gmajor@fainmajor.com
dray@fainmajor.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QURENTIA MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| MAGGIANO'S HOLDING ) | |
| CORPORATION. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record.

Nicholas D. Chester, Sr.
Chester Law Group, P.C.
362 West Memorial Dr.
Dallas, GA 30132
info@chesterlegal.net

This 1ˢᵗ day of June, 2021.

**SIGNATURES ON NEXT PAGE**

-8-

-9-

FAIN MAJOR & BRENNAN, P.C.

*/s/Dale C. Ray, Jr.*
DALE C. RAY, JR.
Georgia Bar No. 596095
*Counsel for Defendant*

One Premier Plaza
5605 Glenridge Drive NE, Suite 900
Atlanta, GA  30342
(404) 688-6633
dray@fainmajor.com