# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER 20-A-3936

$198.00 COST PAID

Miller, Qurentia

**PLAINTIFF**

VS.

Maggiano's Holding Corporation

**DEFENDANT**

## SUMMONS

TO: MAGGIANO'S HOLDING CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Nicholas Chester, Sr.
Chester Law Group, P.C.
362 West Memorial Dr.
Dallas, Georgia 30132

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 4th day of November, 2020.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

EXHIBIT "1"

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

QURENTIA MILLER,

Plaintiff,

vs.

MAGGIANO'S HOLDING CORPORATION

Defendant.

Civil Action File No.:

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**20-A-3936**
NOV 03, 2020 04:52 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## COMPLAINT FOR DAMAGES

COMES NOW, Qurentia Miller ("Plaintiff") who, by and through the undersigned, files this Complaint for damages against Maggiano's Holding Corporation ("Maggiano's") hereafter ("Defendant"), showing the court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff resides in Powder Springs, Cobb County, Georgia, and submits to the jurisdiction of this court.

2. Defendant Maggiano's is a for profit corporation with its principle business address is 3000 Olympus Boulevard, Dallas, TX, 75019. Defendant may be personally served with a copy of the summons and complaint through its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

3. Defendant is subject to the jurisdiction and venue of this court.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraphs of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

1

EXHIBIT "1"

5. On November 11, 2018, Plaintiff was a customer of the Defendant's business located in Cobb County, Georgia.

6. At all times material, Defendant was open for business and had a duty to keep its premises and approaches safe and free of reasonably recognizable hazards.

7. At all times material, Defendant knew or should have known that construction in the dining area constituted a hazard to customers attempting to dine in the restaurant

8. On November 11, 2018, Plaintiff was sitting at her table eating lunch when a piece of ceiling tile fell from the ceiling hitting the Plaintiff on the head.

9. On November 11, 2018, Plaintiff suffered injuries that were the direct and proximate cause of the Defendant's breach of its duties to Plaintiff.

## COUNT I

### PREMISES LIABILITY NEGLIGENCE

10. Plaintiff re-alleges and incorporate herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

11. Plaintiff was an invitee on the premises at the time of the incident.

12. Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

13. Defendant was negligent in failing to properly inspect the area where the incident occurred, failing to remove the hazardous condition, failing to take adequate measures to protect invitees from the hazard and failing to keep the premises safe for invitees.

14. Defendant knew or should have known of a danger to invitees on the premises and should have changed, altered, removed or warned invitees about the hazard on the premises.

15. Plaintiff had not visited the property before and did not know and could not reasonably have learned of the danger posed by hazard.

16. Defendant's negligence was the proximate cause of Plaintiff's injuries.

EXHIBIT "1"

## COUNT II

## VICARIOUS LIABILITY

17. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

18. At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured were employed by Defendant and were acting within the scope of their employment.

19. Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNTY III

## NEGLIGENT TRAINING & SUPERVISION

20. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

21. Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

22. Defendant was negligent in training and supervising its staff.

23. As a result of Defendant's negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT IV

## INJURIES AND DAMAGES

3

EXHIBIT "1"

24. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

25. As a direct and proximate result of Defendant's negligent actions, Plaintiff suffered physical and mental injuries as a result of the incident.

26. As a direct and proximate result of Defendant's negligent actions, Plaintiff incurred medical expenses.

27. Plaintiff has incurred and will continue to incur medical expenses as a result of Defendant's negligence; to date, Plaintiff's expenses are in excess of $10,000.00.

28. Plaintiff will incur future medical care and treatment rendered necessary by the injuries caused by Defendant's negligent actions.

29. Plaintiff has not fully recovered from her injuries and is expected to incur future medical expenses, which are a direct and proximate result of Defendant's negligent actions

30. As a direct and proximate result of Defendant's negligent actions, Plaintiff suffered and continues to suffer significant physical and mental pain and suffering.

31. As a direct and proximate result of Defendant's negligent actions, Plaintiff is expected to suffer significant physical and mental pain and suffering in the future.

32. As a direct and proximate result of Defendant's negligent actions, Plaintiff is entitled to recover her past and future medical expenses from Defendant.

33. As a direct and proximate result of Defendant's negligent actions, Plaintiff is entitled to recover general damages for past and future pain and suffering in amount determined by the enlightened conscience of a jury.

## COUNT V

EXHIBIT "1"

## ATTORNEY'S FEES

34. Plaintiffs re-allege and incorporate herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

35. Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused the Plaintiff unnecessary delay and expense as defined under O.C.G.A. § 13-6-11. As a result, the Plaintiff is entitled to recover from the Defendant his reasonable attorney's fees and expenses of litigation.

**WHEREFORE**, Plaintiff prays:

a) That summons of process be issued;

b) That the Plaintiff be awarded a judgment against Defendant for all special damages, including, but not limited to past, present and future medical expenses and lost wages;

c) That the Plaintiff be awarded general damages for all past, present and future pain and suffering as determined by the enlightened conscience of an impartial jury;

d) That the Defendant be charged with all court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

e) That the Plaintiff have judgment against Defendant for all reasonable attorney's fees incurred as a result of this action;

f) That the Plaintiff be awarded such other relief as the Court may deem just and proper.

This 3rd day of November, 2020.

CHESTER LAW FIRM, P.C.
/s/ Nichols D. Chester, Sr.
Nicholas D. Chester, Sr.
GA Bar No.: 500845
*Attorney for Petitioner*

362 West Memorial Dr.
Dallas, GA 30132
Tel: 678-813-1077
Fax: 404-393-9339

5

EXHIBIT "1"

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**20-A-3936**
NOV 03, 2020 04:52 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

QURENTIA MILLER,

Plaintiff,

vs.

MAGGIANO'S HOLDING CORPORATION

Defendant.

Civil Action File No.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date served a copy of the above and foregoing *Summons and Plaintiff's Complaint for Damages* upon Defendant by depositing same in the U.S. Mail, postage pre-paid and addressed as follows:

Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, Georgia, 30092

This 3rd day of November, 2020.

CHESTER LAW FIRM, P.C.
362 WEST MEMORIAL DRIVE
DALLAS, GA 30132
TELEPHONE: (678)813-1077

CHESTER LAW FIRM, P.C.
/s/ Nicholas D. Chester, Sr.
Nicholas D. Chester, Sr.
GA Bar No.: 500845
*Attorney for Plaintiffs*

6

EXHIBIT "1"